Nicholson, C. J.,
delivered the opinion of the Court.
Wm. Dixon and others obtained judgment against the Mayor and Aldermen of Bristol, for work done in repairing its streets. They filed their petition in the Circuit Court, for the purpose of compelling the corporate authorities to assess a tax for the satisfaction of their claims. To the alternative mandamus they answer, that they have assessed a tax for the ordinary .expenses of the corporation, equal in rate to the State tax, which is insufficient to raise a fund to pay the *869 claims of petitioners; and having exhausted their powers of taxation under the law, they have no authority to make an additional assessment.
The case was tried before Special Judge McLin, who determined that the corporation had power to make an assessment for the payment of the debts of petitioners, and ordered that a peremptory mandamus do issue.
From this judgment the Mayor and Aldermen have appealed to this Court.
It is well settled, that á municipal corporation can exercise no powers but such as are expressly granted to it, and such as are the result of necessary and proper implication. The act of the Legislature, incorporating the town of Bristol, confers upon its corporate authorities the power to have and keep in repair the streets, and also the power to levy and collect taxes for the purpose of carrying the necessary measures into operation, for the benefit of the town. Under these powers it is clear, that the corporate authorities could contract valid debts, for the repairing of the streets, and could levy and collect the taxes, necessary to satisfy the debts so contracted, unless there is something .in the laws of the State which forbids it. For the Mayor and Aldermen it is insisted, that they have a general power only to levy and collect an annual tax, but no power to levy and collect a special tax, such as would be required to pay the claims of petitioners, and that in executing their general power, they can not exceed the rate of State taxation
It is true, that in reference to taxation for some *870 special objects, outside of the usual and proper objects of the corporation, as in sections 491c and 1361, the restriction exists, that the special taxes shall not exceed the rate of State taxation; but this restriction has no application to debts contracted in carrying out the ordinary and legitimate purposes of the corporation. As to these, the Mayor and Aldermen constitute the legislative representatives of the inhabitants of the town. They have the power to order such improvement or repairs in the street, as in their judgment are necessary and proper, for the comfort and convenience of their constituents, and to contract such debts therefor, as may be proper in their discretion, to accomplish the objects. To satisfy the debts so contracted, they have ample power to levy and collect the necessary amount of taxes. The taxes so levied and collected require no special power, nor are they such special taxes as are subject to legislative restrictions.
If, therefore, the annual assessment of taxes, at a rate equal to that of State taxation, should fail to raise an amount sufficient to satisfy debts, contracted in the legitimate exercise of their power — such as opening or repairing streets, there is nothing in the statute laws which would prohibit the corporate authorities from making another assessment to pay such debts. Having ordered the work and contracted the debts, the obligation to make the assessment and collection of taxes at once arises, and upon their refusal to so, •a resort to the remedy by mandamus is proper.
We find no error in the judgment below and affirm it.